## WENT vs. MORGAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The courts of the state have an undoubted right of inquiring into and pronouncing upon the constitutionality of the acts of the legislature; but the power is a delicate one, and will never be used except in cases where the administration of justice demands it.

The ministerial officer will be protected by a writ issuing from a court of competent jurisdiction, although the issuing of the writ be erroneous.

This cause was submitted upon a statement of facts drawn up by the parties, and fully set forth in the opinion of the court, delivered by *Martin, J.*

This is an action of false imprisonment.

The defendant, sheriff of the parish of Orleans, justified under a process from the court in which he was sued. There was judgment in his favor, and he appealed.

The statement of facts show that the plaintiff is a member of the Mississippi Fire Company, incorporated March, 1830. The company have fully complied with the terms of the act of incorporation, and its members, particularly the plaintiff, have faithfully performed the duties of firemen. The foreman of the company delivered to the sheriff of the parish of New-Orleans, in the month of October, 1830, a certified list of the members of the corporation, countersigned by the secretary of the same. The company have purchased a fire engine by the contribution of its members, at the cost of one thousand seven hundred dollars. The members have zealously and efficiently turned out and acted at every alarm of fire, in the city of New-Orleans since their incorporation. The sheriff was requested to strike the name of the plaintiff from a jury list by him prepared, on the ground that the plaintiff was exempted from jury service as a fireman, but refused. The plaintiff's name having been drawn for the jury, at the June term of this court, he was summoned to appear as a juror. He did so, and pleaded his exemption by reason of the facts above stated, but the court considered the excuse insufficient

and directed him to serve ; that the plaintiff having failed to appear on a succeeding day, he was attached by order of the court, and put into the defendant's custody.

The defendant admitted the list of the firemen was delivered to him by the foreman, and declared that on placing the names of the firemen into the jury box, they were distinctly marked as "Firemen," and they were not summoned on juries till after the promulgation of the act of 1831, by which the courts held that the exemption was repealed.

The parties agreed to submit this case to us on its merits upon the above statement of facts, for the purpose of obtaining a decision on the rights of exemption of the firemen from serving on juries.

There was judgment for the defendant, and the plaintiff appealed.

This suit is avowedly brought to test the constitutionality of an act by which the firemen were deprived from the exemption from serving on juries, which was granted to them by their act of incorporation.    The district judge inquired into the constitutional question.

The courts of the state have an undoubted right of inquiring into and pronouncing on the constitutionality of the acts of the legislature, and from their duty in this respect, it is hoped none will ever shrink.    But the power is a delicate one, and will never be used, except in cases in which the administration of justice demands it, and the present does not appear to us one of these ; because were we to think the law was unconstitutional, still we should think the justification under the court a good one.

The defendant justifies the imprisonment of the plaintiff, as a defaulting juror, under a process from the District Court. It is contended the District Court erred in deciding the plaintiff was bound to serve as a juror, because the law under which the court held him bound to jury service, is an unconstitutional one.    The court acted within its legitimate jurisdiction, and its error in judgment, if any there was, could not dispense its ministerial offices to obey its wish.    The merits of the case, divested of every technicality, rest on the legiti-

*Margin notes:*

The courts of the state have an undoubted right of inquiring into and pronouncing upon the constitutionality of the acts of the legislature, but the power is a delicate one and will never be used except when the administration of justice demands it.

The ministerial officer will be protected by a writ issuing from a court of competent jurisdiction, although the issuing of the writ be erroneous.

macy of the defendant's act. The only question of law that may arise thereon, is, does the process of a court of competent jurisdiction protect the officer, to whom it is directed and who executes it, from damages, even in cases where the court erred in making the order, or rendering the judgment for the execution of which the process issues?

The question cannot be solved otherwise than by the affirmative.

Without, therefore, expressing any opinion as to the grounds on which our learned brother below has based his judgment, it is ordered, adjudged and decreed, that it be affirmed with costs.